IRWIN ET AL. v. H. P. LLOYD, TRUSTEE.

1. TRUST NOT EXEMPT FROM LIMITATION.

A trust created for the benefit of creditors is not a technical and continuing
trust which is exempt from the operation of the statute of limitations.

2. IGNORANCE AS TO REAL PRINCIPAL—LIMITATION.

Ignorance as to who is the real principal in a transaction does not give to the
claimant four years from the time of discovering the real principal in which
to bring an action.

3. DISMISSAL WITHOUT TRIAL—LIMITATION.

The dismissal of an action on motion of the plaintiff without trial does not
bring it within the provisions of sec. 4991, Rev. Stat., permitting of the bring-
ing of a new action within one year from that date.

**4. DISMISSAL WITHOUT PREJUDICE IN CIRCUIT COURT.**

The dismissal of an action without prejudice which has been appealed to the circuit court does not leave the judgment of the court of common pleas existing and in full force.

**5. SECTION 6352, REV. STAT., NOT A LIMITATION OF ACTION.**

The thirty days provided by sec. 6352, Rev. Stat., within which to bring suit on a claim rejected by an assignee, is not a period of limitation, but a period after which distribution may be made. A creditor may come in at any time for his equitable share of the assets unadministered or not lawfully disposed of at the time he presents or prosecutes his claim for allowance in the mode prescribed by statute.

APPEAL.

SMITH, J.

This action was commenced in the court of common pleas of this county September 1, 1897, to require the defendant, as trustee of the estate of Harper, to allow, as a valid claim against said insolvent estate, a judgment which the plaintiffs had recovered against Harper at the October term of said court, 1896, for $671,860.60, in an action commenced several years after the defendant had been appointed and was acting as the trustee of Harper's insolvent estate, but to which said Lloyd, the trustee, was not a party.

The trustee filed an answer setting up various defenses to the action against him, among others pleading the statute of limitations against the claim, and on the issues made by the pleadings the court of common pleas found for the defendant, and a judgment or decree was entered in his favor. From this an appeal was taken to this court, and was heard before one of the visiting circuit courts in this county, which it is said found that the judgment so rendered against Harper did not constitute a claim against his estate; but gave the plaintiffs leave to file an amended petition, which was done, and the defendant having filed an answer to this setting up his various defenses, including the defense that the claim sued on was barred by the statute of limitation of six years, and a reply having been filed by the plaintiff, the case has been heard by us on the evidence submitted and the arguments of counsel.

The amended petition, in substance, avers that there is due to the plaintiff from the defendant, as assignee and trustee of the estate of Harper, the sum of $594,331.44, as shown by the account attached to the petition; that it was presented to such trustee for allowance, and rejected, and that subsequently thereto plaintiffs recovered the judgment against Harper, which was mentioned in the original petition, which is still due, and that there are moneys and credits in the hands of the trustee applicable to the payment of debts against Harper; that they presented their said claim to said trustee for allowance August 9, 1897, but that he then rejected the same; that Lloyd was trustee before said judgment was recovered, Harper having made an assignment for the benefit of his creditors; that said estate in his hands has not been closed, and that the trustee still has in his hands assets to pay plaintiff's dividends declared. They therefore pray that he be decreed to allow the claim as a valid one against said estate, and to pay plaintiffs the dividends due to them.

The answer of defendant admits that he is trustee, and admits that as such he has assets of said estate to pay dividend on the claim if it is a valid one; that on May 25, 1894, the plaintiffs presented said account to

him to be allowed as a claim against said estate which was rejected by him; and on August 10, 1894, plaintiff commenced an action against him in the common pleas court to require him to allow the same, which was afterwards tried and the petition dismissed, and judgment rendered against the plaintiffs.

For a second defense, he avers, the recovery of the judgment before mentioned, which was on the same cause of action set forth in the other action in which defendant recovered a judgment against plaintiffs, and that defendant was not a party to the action in which the judgment was rendered, and that said judgment was rendered by default against Harper individually; that the claim of this judgment was also presented to defendant for allowance, and was rejected by him August 9, 1897. In this action brought on that claim judgment was entered for defendant.

For a third defense, he says that on October 16, 1896, plaintiffs filed their appeal in the circuit court from the judgment in the first case mentioned, and that this action in the circuit court was voluntarily dismissed by the plaintiffs without prejudice February 25, 1898, and therefore the judgment of the common pleas so appealed from remains in force and valid.

Fourth—The defendant avers that Harper made his assignment for the benefit of creditors June 21, 1897; that the only claim presented by plaintiffs to defendant for allowance before August 9, 1897, was on an open account, and that said account and each item thereof and said account now attached to plaintiff's petition accrued more than six years before the commencement of this action; and allegations in the amended petition not expressly admitted are denied. The reply denies the new matter set up in the answer.

There is no substantial controversy between the parties as to the facts in this case. It is admitted that all of the items in the account set up by the plaintiffs against Harper accrued prior to the failure of the Fidelity bank of this city, on June 17, 1887, and that within a few days thereafter Harper made an assignment for the benefit of his creditors to Mr. Zimmerman, who declined to qualify as assignee, and thereupon Major Lloyd was appointed trustee, and qualified as such. If, therefore, the plaintiffs had any right of action against Harper on the account which they now seek to have the trustee allow against Harper's estate, it had accrued prior to June 17, 1887, and as this action was not brought until September 1, 1897, a period of more than ten years after their right of action accrued, it would seem clear that unless for some reason which appears in the pleadings or evidence, that it must be held that the six-year statute of limitations which, as a rule, applies to an action on a claim of this character, would prevent a decree in favor of plaintiffs as asked for. This, of course, is on the supposition that the judgment which was rendered against Harper on this claim, long after his assignment and in an action to which the trustee was not a party, puts the plaintiffs in no better position in this action, as was held by the court of common pleas and the visiting court in this very case, and as we think correctly.

It is the claim, however, of the counsel for the plaintiffs that the statute of limitations of six years does not apply to a case of this kind; that the trustee having in his hands money applicable to the payment of dividends to creditors makes it a case of a continuing and subsisting trust, which, under the provisions of sec. 4974, **Rev. Stat., are not gov-**

Irwin v. Lloyd.

-erned by our statutes of limitation. But we think it clear that this claim is not well founded, and that this is not such a trust. As held in many cases in Ohio, this provision only applies to those technical and continu-ing trusts which are not recognized at law, but fall within the exclusive jurisdiction of chancery, and other trusts are not exempt from the stat-ute. See Yearly v. Long, 40 Ohio St., 27–32, Douglas v. Corry, 46 Ohio St., 349–351; Webster v. Bible Society, 50 Ohio St., 1–9, and other cases cited in Bates' Dig., Vol. 1, 1547. Surely this claim was one on which an action at law might be brought, and when the statute began to run, as it did before the assignment of Harper, it continued to run.

It is also the claim of the plaintiffs that they did not know o the liability of Harper, as an undisclosed principal, until within the period of four years prior to the commencement of this suit, September 1, 1897, and that they are thus brought under the provisions of sec. 4982. Rev. Stat., that because Harper did not make himself known (I suppos to the plaintiffs, though this is nowhere averred in the pleadings) that this was a fraud upon them, and that they have four years in which to bring their action after the discovery of the fraud.

In answer to this claim it may be said, first, that the action is not one for fraud, in the meaning of the section referred to, and if it were, and the proper allegations had been made as to the delay in the bringing of the action, still it would not have prevented the bar of the statute from operating; that ignorance of this kind does not prevent the statute from running. See cases cited in Bates' Dig., 1546.

The plaintiffs invoke the provisions of sec. 4991, Rev. Stat., that if an action is commenced in time, or attempted to be commenced, and judgment for plaintiff be reversed, "or if the plaintiff fail otherwise than upon the merits, and the time limited for the commencement of such action has, at the date of such reversal or failure, expired, the plaintiff * * * may commence a new action within one year after such date."

It is conceded that on June 15, 1891, an action was begun by the plaintiffs in the United States court of this district against E. L. Harper and Eugene Zimmerman, setting up that Harper and Zimmerman were directors of the Fidelity bank, and had charge of its moneys and credits; were represented as looking after the affairs of the bank and severally taking care of and keeping the money; that certain drafts were sent plaintiffs as drafts of said bank that were not paid, and that the bank failed the day they issued them; that defendants were not exercising proper care in taking care of the funds of the bank, and the petition prayed for a jugdment on the two counts (as claimed by counsel for plaintiffs here), "they being in effect for the moneys, that, as was after-wards discovered, Harper had sent by drafts through his brokers, Wilshire & Hoyt, to Chicago, to pay to Irwin, Green & Company on account of the wheat deal that Wilshire & Hoyt were running as it afterwards developed for Harper, and which being turned over to Irwin, Green & Company were never paid, because of the failure of the Fidelity bank."

On January 2, 1894, this action, on the motion of plaintiffs, was dis-missed without trial.

Even if this cause was the same as that on which an action was commenced by plaintiff in the common pleas on August 10, 1894, against Lloyd, trustee, which we think it was not, and which last case was decided in the common pleas in favor of defendant, and appealed to the circuit court, and on February 25, 1898, voluntarily dismissed by the

plaintiffs without prejudice, still it is clear under the decision of the Supreme Court in Siegfried v. Railroad Co., 50 Ohio St., 294, that these facts did not allow the plaintiffs to escape the bar of the statute when pleaded in the present action, brought September 1, 1897, more than ten years after the cause of action accrued in the account sued on. In the case referred to Siegfried v. Railroad Co., 50 Ohio St., 294, the syllabus is as follows :

"Where an action which has been commenced in due time is dismissed by the plaintiff after the time limited for the commencement of such action has expired, a new action for the same cause thereafter commenced is barred, though commenced within one year after the dismissal of the former action. Such dismissal is not a failure in the action within the purview of Section 4991 of the Revised Statutes."

Both of said actions were voluntarily dismissed by the plaintiffs, and the last action was barred.

The claim of the defendant that as the judgment of the court of common pleas in the action commenced August 10, 1894, was in favor, that although the action was appealed to the circuit court, and there dismissed without prejudice, that this left the common pleas judgment existing and in full force, we think is not well taken.

Nor do we think the claim made in argument, that as plaintiffs did not sue within thirty days after the rejection of their claim by the trustee, or that they did not present it for allowance within six months after the publication of notice by the trustee, that for these reasons they are barred, are well founded. As to the first of these questions we expressed our opinion in Kittredge v. Miller, 5 Circ. Dec., 391; the judgment in that case was affirmed by the Supreme Court, 56 Ohio St., 779, unreported. But as this was but one of the grounds upon which our judgment in that case was based, it can not be said that the point in question was decided by the Supreme Court. The other question is settled by the decision in Owens v. Ramsdell, 33 Ohio St., 439.

But on the ground that there was no valid claim against the trustee or reason why he should be required to allow it as a claim against the trust, for the reason that it was barred by the statute of limitations, the decree will be in favor of the defendant and the petition will be dismissed.

*C. W. Baker*, for plaintiffs.
*H. P. Lloyd*, contra.